# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHARLES DEAN GARNER**  **PLAINTIFF**
**#23557**

V.  NO. 4:24-cv-00107-KGB-ERE

**STATE OF ARKANSAS,** *et al.*  **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I. Procedure for Filing Objections

This Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Chief Judge Baker can adopt this Recommendation without independently reviewing the record.

### II. Background

*Pro se* plaintiff Charles Dean Garner, currently an inmate at the Garland County Detention Facility, originally filed this lawsuit in the Western District of Arkansas under 42 U.S.C. § 1983. *Doc. 1*. On February 7, 2024, the case was transferred to this Court. *Doc. 3*. Mr. Garner is currently proceeding in forma pauperis. *Doc. 15*.

Mr. Garner's complaint alleges that his constitutional rights were violated when he was housed at the Pine Bluff Youth Service Center between 1989 and 1992. He sues the State of Arkansas, Dorm Parent Chesterfield, Yard Maintenance Supervisor Snow, Farm Crew Supervisor Baily, Dorm Parent Mary (or Murphy), and unidentified Doe Defendants seeking money damages.

### III.  Discussion

#### A.  Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

B. **Statute of Limitations**

The Court may dismiss a prisoner's claim at the screening stage if the complaint allegations show the claim is time-barred. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim;"); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) ("Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915(d) [predecessor of § 1915(e)(2)(B)] when it is apparent the statute of limitations has run."). A three-year statute of limitations applies to § 1983 actions filed in Arkansas. *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018).

Mr. Garner's complaint alleges that Defendants violated his constitutional rights by allowing him to be sexually abused between 1989 and 1992. Any applicable limitations period expired in 1995. Mr. Garner initiated this lawsuit on February 7, 2024. In addition, Mr. Garner alleges no facts that arguably support tolling the limitations period. As a result, on the four corners of the complaint, Mr. Garner's claims are time-barred.

## IV.    Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Mr. Garner's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.   In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3.   The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.   The Clerk be directed to close this case.

Dated 14th February 2025.

_____
UNITED STATES MAGISTRATE JUDGE